PER CURIAM.
The employer and carrier (E/C) appeal from a compensation order directing the E/C to pay temporary partial disability (TPD) from March 30, 1995 through the day of hearing upon submission of forms. We reverse.
The claimant injured her left knee on August 29, 1993. After the treating physician indicated that the claimant had reached maximum medical improvement (MMI) with a three percent impairment rating, the claimant was paid 26 weeks of wage loss benefits. Upon termination of the wage loss benefits, the claimant filed a claim seeking temporary total disability, temporary partial disability, or wage loss benefits.
The award of TPD benefits is not supported by competent, substantial evidence. Dr. Drumheller, the treating physician, indicated that the claimant had reached MMI from the standpoint of treatment he could provide. He therefore referred the claimant to Dr. Hodge for a determination of whether the claimant was a candidate for total knee replacement surgery. Dr. Hodge examined the claimant in January, 1995. Although Dr. Drumheller indicated on direct examination that Dr. Hodge determined the claimant needed knee replacement surgery, it appears from his testimony during cross-examination that Dr. Hodge felt the claimant would be a candidate for knee replacement surgery at some point in the future but that at the present time he felt conservative treatment was appropriate. At the conclusion of Dr. Drumheller’s deposition testimony, he recommended that the claimant go back to Dr. Hodge for purposes of monitoring her condition and making the decision as to when to perform a knee replacement. Dr. Drumhel-ler anticipated the claimant would need knee replacement “some time in the future.”
There is no evidence that the claimant currently needs knee replacement surgery. Accordingly, the award of TPD benefits is reversed.
ERVIN and DAVIS, JJ., and SMITH, LARRY G., Senior Judge, concur.